IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 21, 2000 Session

## THOMAS LEE SMITH, Individually and as Administrator of the Estates of MARGARETTE WILKERSON SMITH, ET AL. v. ARTHUR JOHNSON, ET AL.

An Appeal from the Circuit Court for Tipton County
No. 4792     Joe H. Walker, III, Judge

No. W2000-00063-COA-R3-CV - Filed August 27, 2001

This is a wrongful death case.  A car crossed the center line and collided with a dump truck, causing the dump truck to strike and kill three pedestrians, including the plaintiff's wife and son. The plaintiff sued the driver of the car, the driver of the dump truck, and the  company for which the dump truck driver was hauling asphalt.  The trial court granted summary judgment in favor of the company, finding that the truck driver was an independent contractor.  At trial, the jury found that the driver of the car was 100% at fault for the accident, and that the truck driver bore no fault in the accident.  The plaintiffs did not move for a new trial.  The plaintiff filed a notice of appeal.  We affirm the trial court's grant of summary judgment to the company, finding that the liability of the company would be derived from the fault of the truck driver in the operation or maintenance of his dump truck, and that the company could not be held liable where the jury found that the truck driver bore no fault in the accident.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which DAVID R. FARMER, J. and HEWITT P. TOMLIN, JR. SP. J., joined.

Clyde W. Keenan, Memphis, Tennessee, for the appellants, Thomas Lee Smith and Courtney Danielle Smith.

Laurice E. Smith, Memphis, Tennessee, for the appellee Arthur Johnson.

John I. Houseal, Jr. and C. Wesley Fowler, Memphis, Tennessee, for the appellee Lehman-Roberts Company.

John Barry Burgess, Memphis, Tennessee, for the appellee Jeff Henning.

**OPINION**

This is a wrongful death case resulting from a tragic accident. On April 2, 1997, Jeff Henning ("Henning") was driving a dump truck that he owned and operated, headed northbound on Highway 14. Henning was hauling asphalt for Lehman-Roberts Company ("Lehman-Roberts"). As Henning approached the intersection of Highway 14 and Highway 206, he noticed a truck, being driven southbound by Arthur Johnson ("Johnson"), waiting to turn left onto Highway 206. Johnson's rear right brake light was working properly, but his rear left brake light was not. Eric May ("May") was driving his car southbound on Highway 14 when, apparently to avoid a collision with Johnson, May lost control of his car, veered into northbound traffic and collided with Henning's dump truck. As a result of the collision, Henning lost control of his dump truck and struck and killed three pedestrians: Margarette Wilkerson Smith and seven month-old, Jeremy Tyler Smith, the wife and son of plaintiff Thomas Lee Smith ("Smith"), as well as a child of Smith's neighbor.

Smith filed a lawsuit for wrongful death against Henning, Lehman-Roberts, May, and Johnson on behalf of himself and his minor daughter. Smith and May settled prior to trial. The trial court granted summary judgment to Lehman-Roberts on the basis that Henning was an independent contractor. Subsequently, a jury trial was held, with Henning and Johnson as the only remaining defendants. At the conclusion of the proof, the jury found that Henning and Johnson were not at fault, and that May was 100% at fault. Smith did not file a motion for a new trial, but instead filed a notice of appeal.

On appeal, Smith argues that the trial court erred in granting summary judgment to Lehman-Roberts. He contends that Henning should be deemed an employee of Lehman-Roberts, not an independent contractor, because of the degree of control that the company exercised over Henning's employment activities. Consequently, Smith argues that Lehman-Roberts should be held liable for Henning's actions pursuant to the doctrine of *respondeat superior*. In the alternative, Smith argues that the issue of whether Henning was an employee or an independent contractor should have been a fact question for the jury. Also pertaining to the potential liability of Lehman-Roberts, Smith argues that, even if Henning was an independent contractor, Lehman-Roberts had a duty to inspect his dump truck and maintain it under the "public service laws," and that the trial court erred in not admitting certain evidence of pertinent federal and state safety statutes and regulations and instructing the jury regarding those statutes and regulations.

Where, as here, a trial judge has approved a jury's verdict, our standard of review is whether there is any material evidence to support the jury's verdict. Tenn. R. App. P. 13(d). Absent a reversible error of law, we will set aside a judgment on a jury verdict only where the record contains no material evidence to support the verdict. *Foster v. Blue*, 749 S.W.2d 736 741 (Tenn. 1988).

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.03. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no

presumption of correctness regarding a trial court's grant of summary judgment. *See id.* Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *See id.*

In this case, any liability of Lehman-Roberts would stem from Henning's fault in the accident. The jury concluded that Henning was not at fault in either the operation of his truck or in its maintenance, and that consequently, Henning had no fault in the accident. The jury found that May was 100% at fault. Thus, even if Henning were an employee of Lehman-Roberts at the time of the accident, Lehman-Roberts would still have no liability. On appeal, Smith does not argue that there was no material evidence to support he jury's factual finding that May bore 100% of the fault for the accident. Instead, Smith argues that the jury might have viewed the evidence differently had Lehman-Roberts also been a defendant, rather than simply an individual truck driver such as Henning. We will not reverse the trial court's holding because the plaintiff believes that the jury's sympathies might have been different had there been a corporate defendant in the picture. Consequently, we must affirm the trial court's grant of summary judgment to Lehman-Roberts.

Smith next argues that the trial court erred in not admitting evidence or instructing the jury on certain federal and state public safety statutes. This issue is likely pretermitted by our holding that any liability of Lehman-Roberts must stem from Henning's fault, and the jury found Henning had zero fault in the operation or maintenance of his truck. However, to the extent that the instructions may have impacted the jury's finding, Rule 3(e) of the Tennessee Rules of Appellate Procedure states that in an appeal of a jury case, issues regarding a trial court's error in the admission or exclusion of evidence or in granting or refusing jury instructions are waived if the appellant fails to first file a motion for a new trial:

> Provided, however, that in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

Consequently, Smith's issues as to the trial court's error in not admitting evidence or charging the jury as to the statutes are waived. All other issues are pretermitted by this decision.

The decision of the trial court is affirmed. Costs are taxed to the appellant, Thomas Lee Smith, and his surety, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE